

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| VERNON SAMUEL BROWN,       §<br>           Plaintiff,       §<br>                              §<br>vs.                           §<br>                              §<br>MS. BROWN, MS. HICKSON, and  §<br>MR. JACKSON                   §<br>           Defendant.        § | CIVIL ACTION NO. 9:25-cv-2616-MGL- |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
AS PROVIDED HEREIN,
AND DISMISSING THE ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Vernon Samuel Brown (Brown), who is self-represented, filed this action against Defendants Ms. Brown, Ms. Hickson, Mr. Jackson.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court this action be dismissed without prejudice, without leave to amend, and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 13, 2025, but Brown failed to file any objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent it is consistent with this Order and incorporates those portions herein.  It is therefore the judgment of the Court the action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

The Magistrate Judge suggests the Court disallow Brown from amending his complaint.  But, the applicable rules and law allow plaintiffs to amend their complaint once, as a matter of right.  Because Brown has failed to amend his complaint, the Court declines to adopt that portion of the Report.

**IT IS SO ORDERED**.

Signed this 27th day of February, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
## NOTICE OF RIGHT TO APPEAL

Brown is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.